Mr. Egan, whenever you're ready, you've got two minutes for a follow-up. Thank you. Good morning. May it please the Court, James Egan v. Adames-Ramos. This Court should remand for a new trial because the district court's instruction permitted the jury to convict on a lesser mens rea standard than Congress requires. 8 U.S.C. § 1324 requires the government to prove that a defendant acted knowing or in reckless disregard. Supreme Court held in Farmer that reckless disregard in a criminal context requires knowledge of facts giving rise to an inference of risk and the defendant making that inference. Relying on Farmer, the Ninth Circuit applying that test to 1324. Can I just jump in and ask you, so, you know, given that we are supposed to look at the assess the instructions as a whole, I understand your argument regarding the perhaps the deficiency in this particular language, but what is your response to the argument that if you look at the instructions as a whole, and let's say in particular the conscious avoidance instruction, that it did still give the jury the message that there had to be subjective awareness of the risk? Yeah. So the conscious avoidance, as the Supreme Court has told us in global tech, requires two elements. One is the awareness of a risk or a probability and deliberate actions to avoid confirming that risk or probability. So it's a higher standard than reckless disregard, which in Farmer held that it's just knowledge of the risk. So it's conscious avoidance is risk plus avoidance, deliberate avoidance. Here to confirm, the instruction that we're requesting just requires, well, the instruction that was given only requires knowledge of the underlying facts. We requested instruction of knowledge that those facts amount to an unjustifiable risk, which would be between the instruction given and the conscious avoidance instruction that was given. And surely the jury was free to convict on the conscious avoidance instruction, but it didn't have to. It was permitted to convict on this lesser awareness of just the underlying facts instruction. But on this case, isn't it perfectly clear that your client actually knew what was going on? Isn't the evidence so overwhelming that even if this was incorrect, and by the way, I'm no means clear that it was incorrect, but if it was, isn't it perfectly clear that this guy knew exactly what was going on? Respectfully, no, Your Honor. Certainly there was evidence that there was sufficient evidence for the jury to convict. We're not arguing sufficiency of the evidence. However, the instruction was not given, so the defense counsel was not permitted to push the jury towards this grounds for acquittal. Secondly, the defendant made clear that although he had knowledge of surrounding facts, he didn't make the inference that those facts amounted to unjustifiable risk. His brother assured him that nothing illegal was happening, and he relied on that assurance in engaging in his conduct in this case. But why isn't, in fact, deliberate indifference equal to reckless disregard? Many circuits have said so. Now, the Ninth Circuit has that odd opinion. The Ninth Circuit often has an odd opinion, and there is also possibly a disrecord case somewhere. But by and large, the circuits seem to have agreed that the two things are the same.  Yeah, and actually, I agree, too, but properly understood, right? And the proper understanding of both reckless disregard and deliberate indifference — the Supreme Court has told us they're equivalent — is that you have knowledge of the underlying facts, and you make the inference that those facts amount to unjustifiable risk. That was not given here. So had the Court given a proper deliberate indifference instruction, that would have been fine. That's what we're asking for. You know, I know what I'm supposed to do as a judge and what I'm supposed to do as a lawyer, but I find it difficult to imagine — and if you say it's not impossible, I believe you — but difficult to imagine that you can tell this story any way you want, tell the story of this case, and not have somebody say, well, Christine knew, he was a few yards, a hundred yards from the border, he's got these people who are getting in there who can't speak English, they're wet and they're dirty, and he drives them back to New York and gets a couple of thousand dollars for driving — you know, tell me the story in such a way that I don't make it inconceivable or in the edge of my seat. Yes, agreed. The jury could find, as you're pointing out, that those facts could give rise to an inference of unjustified risk. But he's entitled to have the jury find that. I'm sorry? But he's entitled to have the jury find that, not me. Well, for sure, yes. And to begin, the instruction in this case was given before closing, so the defense counsel is sort of hamstrung in that way, they can only advocate with the instruction that's given. I don't know if it came out during the trial, and I'm looking at the appendix here, because when I look at a map, I see that there is a border crossing not that far from where he's picked up. And I think the court could probably take judicial notice of that fact. I think it's within a mile. And people are permitted to cross on foot, even in a snowstorm. So I don't know. And he, himself, he's trying. He works as a taxi cab driver in New York City, and he's given this opportunity. Right, but wasn't there evidence that there was no meter in the car at the time, or nothing running to indicate, or no license display, nothing to indicate he was acting as a taxi driver at the time of this pickup? Well, I mean, what does that mean? He's not acting under sort of an umbrella agency. Like, I forget the name of the taxi cab company here, or Uber, whatever. He's acting as a, he's providing a service, an arranged service, to transport people. Does that amount to a taxi? I'm not sure. But I don't think that matters, because he's given this opportunity to transport people, and it's a good opportunity for him, so he does it. That's not unreasonable for him. Given that he has ruled out, or he has been assured, that nothing illegal is happening. When you say he's been assured that, what does that mean in any realistic terms? Somebody tells him, he says, I'll take the risk. That's a pretty strong statement in the face of that. I'll take the risk of what? Take the risk of being stopped and questioned, like his brother was, who was released, by the way, and not charged. I'll take the risk, as opposed to being here now, under these circumstances. That's a reading. That's a permissible reading. But it's not the only one. No, no. That might be enough. No, thank you. OK. All right, thank you. You've got some time. Thank you. Good morning, your honors. May it please the court, Josh Handel for the United States. This court should affirm Mr. Adamus Ramos' conviction on any one of three independent grounds. First, because the reckless disregard instruction appropriately trained the jury's focus on the defendant's deliberate state of mind. Second, because the instructions as a whole obviated any concern that the defendant could be convicted on a mere negligence theory. And third, because the defendant's prevarications, admissions, and conduct established that any instructional error was harmless. I kind of agree with you on the first and third. I don't really see how the instructions as a whole added much to what was already said. But you make that argument. But if there was a mistake, I'm not sure what they said beyond it really helped that much. But I'm not sure if it was a mistake. Well, Judge Calabresi, I think it's important, and I think this court has said, we look at jury instructions the way that lay jurors would look at them, right? And lay jurors are not kind of finely slicing Mentee's ray like it's charcuterie in the way that lawyers do. I think that lay jurors understand the instructions as an entire corpus. And I think here, we had not just the reckless disregard instruction itself, but we had, Judge Lee, as you pointed out, the conscious avoidance instruction, which made clear that the defendant could not be convicted for being merely negligent, foolish, or mistaken. We had the willful. Actually, there is a sense in which, and I know I asked a question about conscious avoidance, but there is a sense in which if a particular instruction is incorrect, it's affirmatively wrong, the idea that that no longer is an error because of a completely different instruction that arguably addresses some of the same issues. So I asked the question, I'm not sure how compelling I find that. And so I guess my question is then, first off, was the instruction erroneous? Does it appropriately let the jury know that there has to be subjective awareness? So we don't think the instruction was erroneous at all. I think that the presence of deliberate indifference in the instruction appropriately trained the jury's sights on what was subjectively going on in Mr. Adamus Ramos's mind. And that differentiated this instruction from the defects that the Ninth Circuit identified in the Rodriguez case. And as we pointed out, I think it was on pages 16 and 17 of our brief, the deliberate indifference instruction left open two possibilities. Either A, Mr. Adamus Ramos subjectively apprehended and then deliberately disregarded the fact that his transportees lacked authorized status, or B, Mr. Adamus Ramos deliberately declined to ascertain those facts and assess their import in a manner that amounts to conscious avoidance, willful ignorance, something even higher than yes. I think various circuits have made this link between deliberate indifference and direct disregard precisely. Has our circuit, that is, is there any law in our circuit directly in point? So, Your Honor, I don't believe we have found any cases in this circuit making that direct connection. We have cited cases where this court has said that a defendant acts recklessly or satisfies a reckless mens rea when the defendant is deliberately indifferent to risk or to some facts creating a risk. And I believe we cite that in our brief. But in other contexts. In other contexts, absolutely, Your Honor. We have not found anything directly on point in this context. But I would point out. Most of the circuits have. Yes, every circuit to have passed on this question, except for the Ninth, has equated those two things. The Ninth Circuit obviously reads Farmer a little bit differently. But again, I think even under the Ninth Circuit's decision, the fact that you have deliberate indifference here. And I think this is an important distinction. In the instruction that the Ninth Circuit was reviewing from the district court in that case, you didn't have anything like deliberate indifference. You just had knowledge of facts that create a risk. And the Ninth Circuit said, we don't know whose knowledge this is. We don't know if it's the defendant's or a reasonable person's. We don't know if he actually went through the mental process of appreciating that risk. Here, you have deliberate indifference. And I think that whatever kind of gloss lawyers have put on the concept of deliberateness and indifference and things like that, a lay jury is going to understand deliberate indifference to mean that a defendant deliberately closed his eyes to something, right? That either this defendant knew that his transportees lacked authorized status, or he was deliberately ignorant. He was consciously avoiding ascertaining that fact. And I think, again, this is confirmed by the remainder of the instructions, including the good faith instruction, which, to get back to your question, Judge Lee, about whether if you find some defect in one instruction, other instructions can kind of make up for that. This court said in United States v. Kyle, which we cite on 29 and 30 of our brief, a good faith instruction is often sufficient to cure ambiguity or defects in other mens rea instructions. Here, the district court delivered a good faith instruction. It provided the defendant a safe harbor from any liability if the jury determined that he actually believed that his passengers were not present in violation of law. That was of a piece with the willful furtherance instruction, which required the jury to find that the defendant had acted willfully and done so in furtherance of the transportees violation of law. And it was of a piece with the conscious avoidance instruction, which, again, said that to the extent the defendant was ignorant of the transportee's status, he could not be found guilty merely for being negligent, foolish, or mistaken. He had to have taken affirmative steps to preserve that ignorance. I think reading these instructions as a whole or just focusing on the reckless disregard instruction, there was no error. Certainly, there was not a reversible error on the facts of this case. I'm happy to answer any further questions. If not, we'll rest on our brief and respectfully request that you affirm the judgment below. Thank you. Thank you. Mr. Egan? Again, we agree that reckless disregard is equivalent to deliberate indifference. The question is, what do those terms mean? How were they instructed in this case? They were not given the normal instruction that we think about when we think about deliberate indifference, which requires knowledge of underlying facts and subjective knowledge of a risk or a probability of a fact. That was not given here. That is the critical missing piece. And it is critical in this case because the jury, as the government points out, could have found that the defendant did not, in good faith, believe that the underlying facts were not, could not, did not give rise to an inference. But still, the defendant was not permitted to say, even if you don't believe that I was not aware of those facts, I didn't make the inference of risk. And that's the missing part here. And you can't cobble together the other instructions that deal with different concepts that are higher, that are higher standard of caution and awareness. At a certain level, couldn't your client have said that perfectly well in the face of these instructions? I mean, you said he didn't say certain things because the instructions didn't. But again, realistically, couldn't your client have said what you've said to us now? Nope. I'm just a taxi driver. I didn't know what was going on. I mean, why did these instructions keep him from giving to the jury what would have been, perhaps, a defense? Because the instruction was given before closing. That's critical. And secondly, what are the surrounding facts here? There's a snowstorm. It's early in the morning. It's the distance. It's the proximity to the border, right? Those are the facts that are supposed to have considered give rise to a substantial and unjustified risk, right? And the defendant was aware of all those facts. And the defendant could say, well, I believed in good faith that those facts did not give rise to it. He wasn't allowed to argue that those facts did not give rise to the inference because the inference was not an element of the offense. All right. Thank you very much. Thank you both. And we will take the case under advice.